UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER BOSAK,            )
                              )
    Plaintiff,                )
                              )
    v.                        )    16-1034
                              )
KEVIN DELONG, et. al.,        )
                              )
    Defendants.               )
                              )

## MERIT REVIEW OPINION

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

The pro se Plaintiff, a state prisoner, originally filed his complaint in the Northern District of Illinois, but it was transferred

to the Central District for the proper venue.[7]  Plaintiff claims his constitutional rights were violated at Pontiac Correctional Center from January of 2015 to July of 2015.  Plaintiff has identified seven Defendants including Major Kevin DeLong, Health Care Administrator Terry Arroyo, Nurse Pouk, Dr. Tilden, Assistant Warden Guy Pierce, Assistant Warden Anabelle Motteler and Warden Randy Pfister.

Plaintiff says he fell on his knees while shackled and felt a "popping sensation." (Comp, p. 5).  Plaintiff was unable to walk and he repeatedly asked for medical attention, but no one took him to the Health Care Unit or provided needed medical care.  Unfortunately, Plaintiff provides little information concerning the specific involvement of the named Defendants.

For instance, Plaintiff says he told "Nurse Jessica" he needed medical care and she told him to fill out a sick call request. (Comp., p. 6). Plaintiff says he informed the nurse his injury was "severe" and he could not walk, but she still refused to take any immediate action. (Comp, p. 6)  However, Plaintiff has not named this Nurse as a Defendant.

Plaintiff says he repeatedly asked for forms to request medical care, but unnamed officers refused to provide him the appropriate forms or to take him to the Health Care Unit. Plaintiff says the unidentified officers were under the supervision of Major Delong, Assistant Warden Pierce, Nursing Supervisor Pouk, Health Care Administrator Arroyo, and Assistant Warden Motteler.

The Plaintiff says at some point, Dr. Tilden did prescribe medications for his injury, but the Plaintiff was never personally examined by the doctor. Instead, Plaintiff was transferred to Pinckneyville Correctional Center on July 1, 2015, but he still did not receive medical care until September of 2015. Plaintiff says his injury has been "permanently disfiguring." (Comp, p. 9).

ANALYSIS

The Plaintiff has adequately alleged Defendants at Pontiac Correctional Center violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. However, Plaintiff has not clearly stated the involvement of each named Defendants.   A defendant cannot be held liable under 42 USC §1983 unless a plaintiff can demonstrate the defendant caused or participated in the alleged constitutional violation. *Kuhn v.*

*Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).  A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Therefore, it is not enough to simply identify the potential supervisors.  Plaintiff must identify Defendants who knew about his injury, when and how they knew about his injury, and what they did to violate his constitutional rights.  For instance, Plaintiff says he told a correctional officer as soon as he was injured that he could not walk and needed medical care, but the officer simply helped Plaintiff back to his cell.  The Plaintiff should identify this officer as a Defendant by name, or if unknown, a description.  The Plaintiff also states Nurse Jessica knew the severity of his injury, but failed to provide medical care.  Nurse Jessica had direct involvement in denying Plaintiff medical care.

Since the Plaintiff has mainly identified supervisors, without stating their personal involvement, the Court will allow Plaintiff an opportunity to file an amended complaint clarifying the intended Defendants and how they were directly responsible for his claims. The Plaintiff's amended complaint must stand complete on its own, without reference to the prior complaint, and must include all claims and Defendants.

Finally, the Court notes Plaintiff includes some allegations concerning his care at Pinkneyville Correctional Center, although he does not identify any individuals from this facility as Defendants. If the Plaintiff wishes to pursue claims concerning his medical care provided by different individuals at a different facility, he should file a separate complaint. See *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Any claims involving Pinkneyville Correctional Center and its employees should be filed in the Southern District of Illinois.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk of the Court is to provide the Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline in 35 days from this order.

ENTERED: 5/24/2016

FOR THE COURT:     s/ Sue E. Myerscough
                   ───────────────────────────
                         SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE